UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>        Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01164-AWI-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 11)<br><br><br>THIRTY-DAY DEADLINE |

**I.  Screening Requirement and Standard**

Plaintiff Wayne L. Pickering ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 19, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff's first amended complaint, filed on January 23, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison.  The events at issue occurred while Plaintiff was housed at Sierra Conservation Center ("SCC").

In his first amended complaint, Plaintiff has provided general allegations without the factual detail contained in his original complaint.  Plaintiff alleges that Defendants have hindered the practice of his Astru/Odinic faith.

Defendant Beard

Plaintiff contends that CDCR recognizes Astru/Odinic as a religious group, but Defendant Beard has failed to put into place a policy that uniformly sets standards throughout the prison system. Under Defendant Beard's authority, Plaintiff contends that various prison facilities do not treat the Astru/Odinic religious group equally as they do for Catholics, Christians, Protestants and American Indians.  Plaintiff contends that Defendant Beard's failed policy has allowed each facility to treat the

Astru/Odinic religious group differently.  SCC allegedly delays or prohibits religious rights that are allowed at Mule Creek and Valley State Prison.

### Defendant Lackner

Plaintiff alleges that Defendant Lackner has failed to establish policies and procedures at SCC that give the Astru/Odinic religious group equal rights under the First Amendment as other religious groups.  Plaintiff alleges that Defendant Lackner, as Warden at SCC, is aware that the institution is not providing religious rights to the Astru/Odinic religious group that are provided to other religions or that are provided at other facilities.  Plaintiff contends that Defendant Lackner is aware of these claims because numerous 602s regarding these issues have reached the second level.  Plaintiff claims that Defendant Lackner also is aware because the Astru/Odinic group has brought these claims to Defendant Lackner personally several times through the Men's Advisory Committee.

Plaintiff alleges that Defendant Lackner has failed to protect Plaintiff's rights to practice the Astru/Odinic religion.  Defendant Lackner also has failed to give Plaintiff an option to transfer to a facility that allows all the religious rights that are violated at SCC.

### Defendant Littlejohn

Defendant Littlejohn is the Catholic Chaplain at SCC and is the assigned sponsor for the Astru/Odinic religious group.  His responsibilities include issuing ducats for Astru/Odinic practitioners for religious services and events, ordering religious materials, and sponsoring special events, banquets and worship services.  Plaintiff alleges that Defendant Littlejohn failed to ducat Astru/Odinic practitioners for worship services and special events numerous times over the course of a year, but issued ducats to Catholic, Christian, Protestant, American Indian and Jewish practitioners for worship services and events.  Plaintiff also alleges that Defendant Littlejohn failed to order Astru/Odinic religious supplies.  The delay or denial resulted in the Astru/Odinic religious group failing to receive religious supplies for the year.  Plaintiff contends that other religious groups all had their orders placed and received religious supplies.  Plaintiff further alleges that Defendant Littlejohn has failed to set up special events or worship services for the Astru/Odinic group, but always sets up special events and services for other religious groups.

///

### Defendant Wilkerson

Defendant Wilkerson is the Community Resource Manager at SCC. Plaintiff alleges that after Defendant Wilkerson received several 602 appeals regarding the right of inmates to practice the Astru/Odinic faith, Defendant Wilkerson went to the Chapel and removed religious items from the Astru/Odinic religious group's locker and never returned them. Plaintiff also alleges that Defendant Wilkerson has denied the Astru/Odinic religious group an outdoor worship area of the course of years while approving an outdoor worship area for American Indians. Plaintiff further alleges that Defendant Wilkerson has failed to allow inmate ministers for the Astru/Odinic faith while allowing it for other religious groups.

### Defendant Hanson

Defendant Hanson is a correctional officer at SCC. While holding an Astru/Odinic religious service (blot) on the Tuolumne yard, Defendant Hanson told practitioners that the religion is a bunch of nonsense. Defendant Hanson also told Plaintiff and the other practitioners that he was going to put an end to the blots on the yards. From that point on, blots on the yard were broken up and practitioners were retaliated against through cell searches and confiscation of religious medallions and property. Practitioners of other religions did not receive this type of treatment.

### Defendant Miller

Defendant Miller personally took Plaintiff's religious medallion and never returned it.

### Defendant CDCR

Plaintiff alleges that CDCR's execution of its policies and customs regarding religious rights are not equal among each of CDCR's prisons.

Based on these allegations, Plaintiff asserts violations of the First Amendment and the California Constitution. He requests monetary damages.

**III. Discussion**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

In his amended complaint, Plaintiff essentially omits the underlying facts of his original complaint. He does not identify what happened, when it happened or the circumstances surrounding the alleged constitutional violations. Plaintiff's conclusory statements are not sufficient to support a cognizable section 1983 claim. Plaintiff will be given an opportunity to cure these deficiencies.

**2. Supervisory Liability – Defendants Beard and Lackner**

Plaintiff seeks to bring suit against Defendant Beard and Defendant Lackner based on their roles as supervisors. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In this instance, as to both Defendant Beard and Lackner, Plaintiff apparently complains of neutral policies and their effect on SCC and, in particular, the Astru/Odinic faith. However, a neutral policy, without more, is not sufficient to state a cognizable claim. As to Defendant Lackner, Plaintiff alleges that his 602s and the Men's Advisory Council are sufficient to impute knowledge to Defendant Lackner. Plaintiff's filing of grievances and any issues raised during a Men's Advisory Council do

not demonstrate Defendant Lackner's knowledge and acquiescence in the acts of subordinates. There are no allegations that Defendants Beard and Lackner were personally involved in the alleged violation of Plaintiff's rights.

### 3. Official Capacity and Eleventh Amendment

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As Plaintiff was previously instructed, he may not bring suit against the CDCR.

### 4. Establishment Clause of the First Amendment

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so.'" Newdow v. Lefevre, 598 F.3d 638, 643 (9th Cir. 2010) (quoting Lynch v. Donnelly, 465 U.S. 668, 678, 104 S.Ct. 1355 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (quotation marks and citations omitted).

Plaintiff's allegations do not demonstrate that any of the defendants are endorsing any other religion over his Astru/Odinic faith. Plaintiff's allegations related to the disparities between the Astru/Odinic faith and mainstream religions are, at best, generalized and conclusory. The Court therefore finds that Plaintiff has failed to state a claim under the Establishment Clause.

### 5. Free Exercise Clause of the First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schiro, 514 F.3d 878, 884-85 (9th Cir. 2008).

Defendants Littlejohn and Wilkerson

Plaintiff's allegations involving Defendants Littlejohn and Wilkerson are generalized and conclusory. Plaintiff has not asserted facts demonstrating what conduct he sincerely believes is

consistent with his faith that was denied directly by Defendants Littlejohn and Wilkerson. Plaintiff's conclusory statements regarding the purported acts and omissions of Defendants Littlejohn and Wilkerson are not sufficient.

### Defendant Hanson

Plaintiff alleges that Defendant Hanson interrupted Plaintiff's outdoor ceremony and threatened Plaintiff and other practitioners. A single incident does not constitute a substantial burden on the practice of Plaintiff's faith, and he therefore fails to state a claim under the First Amendment. See Shakur, 514 F.3d at 883–84 (9th Cir. 2008).

### Defendant Miller

Plaintiff alleges that Defendant Miller took Plaintiff's religious medallion. There is no indication that it was not for a legitimate penological purpose or that this somehow prevented him from practicing his Astru/Odinic faith. This single incident, without more, does not establish a violation of the First Amendment.

### 6. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

If Plaintiff fails to allege a cognizable federal claim in his amended complaint, it will be recommended that the Court decline supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

///

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable section 1983 claim. As Plaintiff is pro se, he will be given a final opportunity to amend his complaint and cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's first amended complaint is dismissed with leave to amend;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.     **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **July 28, 2015**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

8