# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01164-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 15, 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations following Screening**

**I.    Procedural History**

Plaintiff Wayne L. Pickering ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On July 29, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 12.) On August 21, 2015, Plaintiff filed his second amended complaint. (ECF No. 13.)

On November 8, 2016, the Magistrate Judge screened Plaintiff's second amended complaint under 28 U.S.C. § 1915A, and found that it stated cognizable claims for retaliation in violation of the First Amendment against Defendants Wilkerson and Hanson, but failed to state any other cognizable claims. The Magistrate Judge therefore provided Plaintiff with an opportunity to file a third amended complaint or notify the Court of his willingness to proceed

1

1  only on his cognizable claims. (ECF No. 15.) On November 30, 2016, Plaintiff notified the Court
2  of his intention to proceed only on his cognizable claims, along with a motion to appoint counsel
3  (ECF No. 16), the latter of which will be addressed by a separate order.

## II.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

///

### III. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison. The events at issue occurred while Plaintiff was housed at Sierra Conservation Center ("SCC") between 2010 and 2013.

Plaintiff alleges that Defendants have hindered the practice of his Astru/Odinic faith while he was incarcerated at SCC. Plaintiff names the following Defendants: (1) Secretary of California Department of Corrections and Rehabilitation ("CDCR") Jeffrey Beard; (2) Warden Heidi Lackner; (3) Community Resource Manager Margo Wilkerson; (4) Catholic Chaplin Littlejohn; (5) Correctional Officer Hanson; and (6) Correctional Officer Miller.

<u>Defendant Beard</u>

Plaintiff alleges that Defendant Beard had a policy that recognized the Astru/Odinic religious group, which was known to all CDCR prison wardens. Plaintiff contends the policy was "so deficient, it was the repudiation of [] constitutional rights" (ECF No. 13, p. 6), and allowed SCC employees to place a substantial burden on his ability to practice his religion. Plaintiff further alleges that his CDCR 602 Appeal regarding the practice of the religion made it to Defendant Beard's level, but no action was taken by Defendant Beard to abate the problems or change the policy.

<u>Defendant Lackner</u>

Plaintiff alleges that Warden Lackner met with the Men's Advisory Counsel at SCC regarding various First Amendment issues that members of the Astru/Odinic religion were having with SCC staff. Plaintiff contends that Defendant Lackner had personal knowledge of the problems, but chose not to fix the "systematic deprivation of Plaintiff's First Amendment rights." (ECF No. 13, p. 8).

<u>Defendant Littlejohn</u>

Defendant Littlejohn was assigned to be the sponsor of the Astru/Odinic religious group. His responsibilities included issuing ducats for services and special events, ordering religious supplies, and sponsoring banquets. Plaintiff alleges that Defendant Littlejohn failed to ducat the Astru/Odinic practitioners several times for their religious services and special events without good cause. He also failed to order the group's religious supplies and failed to work with the

practitioners to set up permitted special events without good cause. Plaintiff contends, however, that Defendant Littlejohn ensured that Catholic practitioners received their ducats for all Catholic services, events, and banquets and that their yearly supply order was made on time.

### Defendant Wilkerson

Defendant Wilkerson was the Community Resource Manager at SCC in charge of all religious groups at SCC. Her duties included approving services, worships, special events, and banquets, along with establishing a worship area for each recognized religious group. Plaintiff alleges that although the Astru/Odinic religion requires an outdoor worship area, Defendant Wilkerson would never approve or help get approved a designated worship area. However, Defendant Wilkerson allowed the Native American Indians an outdoor worship area. Plaintiff further contends that Defendant Wilkerson would not allow an inmate Astru/Odinic minister to perform services, but allowed inmate ministers to perform services for other religious groups.

Members of the Astru/Odinic religious group filed CDCR 602 Appeals against Defendant Wilkerson. Defendant Wilkerson responded by going into the chapel and removing the group's religious supplies in retaliation for the appeals.

### Defendant Hanson

Defendant Hanson is a correctional officer at SCC. Plaintiff alleges that on multiple occasions Defendant Hanson would disrupt Astru/Odinic religious services on the Tuolumne yard. Defendant Hanson also approached Plaintiff and other practitioners with "condon language" to the group and the religion. (ECF No. 13, p. 11). He also told the Plaintiff and other practitioners that Plaintiff was "going to get it" (ECF No. 13, p. 12), so the group could not perform their services on the yard. Plaintiff alleges that Defendant Hanson succeeded. Plaintiff also alleges that Defendant Hanson did not disrupt or disturb any other religions from having services on the yard. The practitioners of the Astru/Odinic religious group filed a CDCR 602 Appeal against Defendant Hanson for his actions. Plaintiff alleges that Defendant Hanson "personally retaliated" against him and members of the group by going into their cells, searching them, and destroying and confiscating personal property. (ECF No. 13, p. 12).

4

Defendant Miller

Defendant Miller is a correctional officer at SCC. Defendant Miller allegedly confronted Plaintiff as he was leaving an Astru/Odinic service. Defendant Miller started making derogatory remarks about the religion. When Plaintiff defended his religion, Defendant Miller confiscated Plaintiff's religious medallion and never gave it back.

In addition to the foregoing allegations, Plaintiff also generally alleges that none of the Defendants engaged in conduct that deprived inmates from other faiths from practicing their religions, such as Catholics, Protestants and American Indians.

Plaintiff seeks $250,000 in compensatory and punitive damages against each Defendant. Plaintiff also seeks the appointment of counsel because he has a learning disability.

**IV.   Discussion**

    **a.   Federal Rule of Civil Procedure 8**

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's second amended complaint is short and plain, but omits sufficient factual matter to state a claim for relief regarding his First Amendment claim regarding the free exercise of his religion. For example, Plaintiff does not identify any particular services, special events or banquets that he was unable to attend. He does not identify the religious supplies that purportedly were not ordered or explain how the lack of these supplies hindered the practice of his religion. Plaintiff also does not explain any the factual circumstances regarding the request for an outdoor worship area or the use of inmate ministers. Plaintiff's conclusory statements are not sufficient.

5

**b.  Supervisory Liability – Defendants Beard and Lackner**

To the extent Plaintiff seeks to impose liability on Defendants Beard and Lackner based on their supervisory roles, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; *Lacey*, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

<u>Defendant Beard</u>

Plaintiff does not allege that Defendant Beard was personally involved in a constitutional violation. Rather, Plaintiff alleges that Defendant Beard instituted a policy that "was so deficient, it was the repudiation of the constitutional rights." (ECF No. 13, p. 6). However, Plaintiff's reference to a policy alone is not sufficient to state a cognizable claim against Defendant Beard. Plaintiff's second amended complaint fails to set forth any factual details regarding the substance of the policy, which admittedly recognized the Astru/Odinic religious group, or demonstrating how that policy was deficient resulting in a violation of Plaintiff's constitutional rights. Plaintiff has failed to state a cognizable claim against Defendant Beard.

<u>Defendant Lackner</u>

Plaintiff fails to allege sufficient factual information to state a cognizable claim against

Defendant Lackner. Plaintiff generally alleges that Defendant Lackner knew of, and failed to prevent, a substantial burden to the practice of Plaintiff's religion because Defendant Lackner met with the Men's Advisory Council. As alleged, Plaintiff fails to set forth specific facts demonstrating that Defendant Lackner had sufficient personal knowledge of any violations of Plaintiff's constitutional rights and failed to act. That issues may have been raised during a Men's Advisory Council is not adequate to demonstrate Defendant Lackner's knowledge and acquiescence in the acts of subordinates. Plaintiff also fails to establish that Defendant Lackner was personally involved in the violation of Plaintiff's constitutional rights.

### c. Establishment Clause of the First Amendment

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so.'" *Newdow v. Lefevre*, 598 F.3d 638, 643 (9th Cir. 2010) (quoting *Lynch v. Donnelly*, 465 U.S. 668, 678 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. *American Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (quotation marks and citations omitted). "[A] prisoner retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Ashker v. California Dep't of Corr.*, 350 F. 3d 917, 922 (9th Cir. 2003) (internal citations and quotations omitted). "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244, (1982).

Plaintiff's second amended complaint fails to state a cognizable Establishment Clause claim. There is no indication that prison officials enacted a law or official policy that established a religion or faith, officially condoned a particular religion or religious belief, or officially disapproved of any particular religion. Indeed, Plaintiff admits that CDCR had a policy that recognized the Astru/Odinic religion.

Insofar as Plaintiff contends that the failure to permit an outdoor worship area for some religions, but not the Astru/Odinic faith, this contention is not sufficient to state a cognizable

Establishment Clause claim. Plaintiff fails to point to any official policy disapproving of any outdoor worship area only for the Astru/Odinic religion. Further, Plaintiff may not omit relevant facts in his amended complaint in an effort to state a cognizable claim. The Court notes that Plaintiff indicated in his original complaint that SCC received a memo from the Director of Adult Institutions in October 2012, stating that no new outdoor worship areas would be approved. (ECF No. 1, pp. 17-18). This policy does not favor any religious group and would explain the denial of an outdoor worship area for Astru/Odinic practitioners. Further, Plaintiff's allegations suggest that he participated in outdoor services on the Tuolumne yard.

### d. Free Exercise Clause of the First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schiro*, 514 F.3d 878, 884-85 (9th Cir. 2008). A prisoner's First Amendment right to freely exercise his religious beliefs is "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citation omitted).

<u>Defendant Littlejohn</u>

Plaintiff fails to state a cognizable Free Exercise claim against Defendant Littlejohn. Plaintiff's general and conclusory allegations that Defendant Littlejohn failed to issue ducats on some unspecified dates, failed to sponsor some unidentified banquets or failed to order some unspecified supplies are not sufficient. Absent more, the Court cannot conclude that Defendant Littlejohn substantially burdened the practice of Plaintiff's religion or that Defendant Littlejohn's actions were not done for the purpose of achieving legitimate correctional goals or maintaining prison security.

<u>Defendant Wilkerson</u>

Plaintiff fails to state a cognizable Free Exercise claim against Defendant Wilkerson for

the failure to approve an outdoor worship area or the confiscation of religious supplies. With regard to the outdoor worship area, Plaintiff's original complaint included allegations that CDCR policy prohibited the approval of new outdoor worship areas. Plaintiff may not simply omit facts in an effort to state a cognizable claim. With regard to the confiscation of religious supplies, Plaintiff has not included sufficient facts regarding the type and purpose of the religious supplies that were taken from the chapel. Such facts are necessary to determine whether the items were a threat to the safety and security of the institution.

### Defendant Hanson

Plaintiff fails to state a cognizable Free Exercise claim against Defendant Hanson based on his purported statements and disruption of Astru/Odinic services on the yard. Plaintiff's complaint does not allege sufficient facts demonstrating that Defendant Hanson's actions prevented Plaintiff and other practitioners from completing their services on the yard or that Defendant Hanson's actions otherwise prevented him from engaging in any particular conduct which he sincerely believed was consistent with his faith. There are insufficient facts in Plaintiff's complaint identifying Defendant Hanson's comments or demonstrating how those comments, including any purported threats, precluded Plaintiff from participating in religious services on the yard.

### Defendant Miller

Plaintiff fails to state a cognizable Free Exercise claim against Defendant Miller based on allegations that Defendant Miller took Plaintiff's religious medallion. At a basic level, there is no indication that the absence of the medallion prevented Plaintiff from engaging in conduct which he sincerely believed was consistent with his faith or that this somehow prevented Plaintiff from practicing his Astru/Odinic faith.

### e. **First Amendment Retaliation**

Within the prison context, a viable First Amendment retaliation claim "entails five essential elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

At the pleading stage, the Court finds Plaintiff's allegations sufficient to state a cognizable retaliation claim against Defendants Wilkerson and Hanson. Although Plaintiff alleges that Defendant Miller confiscated his medallion, this is not sufficient to state a cognizable retaliation claim. Plaintiff fails to demonstrate that Plaintiff's protected conduct was the substantial or motivating factor for Defendant Miller's actions or that there was not a legitimate penological purpose for the actions.

### f. Equal Protection Clause of the Fourteenth Amendment

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (2001); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur*, 514 F.3d at 891 (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)).

To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891.

Here, Plaintiff alleges that other religions have not been denied the same opportunities and materials as Plaintiff and those of his Astru/Odinic faith. However, Plaintiff's assertions regarding other mainstream religions are conclusory at best and lack supporting factual allegations. Plaintiff also has failed to allege sufficient facts to demonstrate that he was denied the

...

same opportunities because of his religious beliefs. Plaintiff therefore has failed to state an Equal Protection Clause claim.

### V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for retaliation in violation of the First Amendment against Defendants Wilkerson and Hanson, but does not state any other cognizable claims. The Court therefore recommends that Plaintiff's remaining claims and Defendants Secretary of California Department of Corrections and Rehabilitation Jeffrey Beard, Warden Heidi Lackner, Catholic Chaplin Littlejohn, and Correctional Officer Miller, be dismissed from this action. Plaintiff was provided with an opportunity to file a third amended complaint, but opted to proceed on the cognizable claims. As such, the Court does not recommend granting further leave to amend.

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. This action proceed on Plaintiff's second amend complaint, filed on August 21, 2015, for retaliation in violation of the First Amendment against Defendants Wilkerson and Hanson;
2. Plaintiff's remaining claims be dismissed from this action, including Plaintiff's additional First Amendment retaliation, Establishment Clause of the First Amendment, Free Exercise Clause of the First Amendment, and Equal Protection Clause of the Fourteenth Amendment claims;
3. Defendants Secretary of California Department of Corrections and Rehabilitation Jeffrey Beard, Warden Heidi Lackner, Catholic Chaplin Littlejohn, and Correctional Officer Miller be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

///

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2016**              /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE